## POWELL vs. BANDY.

*Sixth District Court, for Sacramento Co. November,* 1857.

### EJECTMENT—PRE-EMPTION.

A pre-emption claim is not sufficient to maintain ejectment.

The facts are set forth in the opinion. The case was tried by the court without a jury.

*Upton & Hereford,* for plaintiff.

*Wallace & Rayle,* for defendant.

BOTTS, J.—This is an action of ejectment, in which a jury was waived, and the facts, as well as the law, were submitted to the decision of the court.

The plaintiff, in his complaint, describes two tracts of land, to which he alleges the right of possession, averring that the defendant has wrongfully seized and unlawfully detains an undescribed portion of the first tract and all of the second tract. The answer denies an entry upon any portion of the first tract, but admits the possession and adverse holding of eighty acres of the second described tract, denying, however, the plaintiff's right of possession.

As matter of fact, I find, that the first described tract was stepped off by the plaintiff's agent in 1853 ; that four posts, about four inches square, were set up at the four corners of that tract so stepped off; that one of the posts projected above the surface about four feet, and the other three, about two feet ; that one of the posts was marked with an X, and another with a P ; that the land so marked was well timbered, and that from no one point could all the stakes be seen ; that it does not appear how many acres were contained in the area described by said posts ; that on a portion of said tract the plaintiff erected a house and enclosed a field ; that on the 25th day of May, 1856, before, Jno. Q. Brown, who subscribed himself a Notary Public, without a seal, the plaintiff made an affidavit in pursuance of the third section of the " act prescribing the mode of maintaining and defending possessory actions on public lands in this state," in which said tract is described ; that said

affidavit was filed in the office of the recorder of the county of Sacramento.

As to the second tract, I find that it consists of the north-west quarter of section twenty-seven, in range ———, township ——— of the U. S. survey; that to said quarter section the plaintiff filed his preëmption claim in the office of the U. S. Land Register, on the ——— day of ———; that the first described claim, in part, overlaps said quarter section, and that the defendant is holding the eastern half of said quarter section, adversely to the plaintiff; that said eastern half includes about sixty acres of the described tract.

The plaintiff must recover upon the strength of his own title, and he relies for this title upon three things : his preëmption claim, his right acquired under the act of April 20, 1852, and his prior possession.

The plaintiff's right of preëmption vests in him—no interest in the land. It simply secures to him the privilege of a future acquisition upon certain terms and conditions. It is, at best, no more than a contract for the privilege of purchasing, at a future time, upon specified terms ; and who ever heard, that upon such a contract, ejectment could be maintained ? If authority for a proposition so plain as this were wanting, we would refer to Bower vs. Higbee et al., 9 *Missouri*; Davenport vs. Farrar, 1 *Scammon*, and 4 *Blackford*, 286.

To the plaintiff's claim under the law of 1852, there are, to my mind, two insuperable objections. The 2d section of the act provides, " every such claim to entitle the holder to maintain any action as aforesaid, shall not contain more than one hundred and sixty acres, and the same shall be marked by metes and bounds, so that the boundaries may be readily traced, and the extent of such claim easily known, and no person shall be entitled to maintain any such action for possession of, or injury to any claim, unless he or she occupy the same."

In the first place, I apprehend, that under this section, the burden devolves on the plaintiff, of showing that the claim upon which he relies, contains no more than 160 acres. It is upon this condition only that the statute gives the right of action—the plaintiff must show affirmatively, that he has brought himself within the statute.

Secondly, I imagine, that when the statute requires that the claim shall be marked by metes and bounds, so that the boundaries may be *readily* traced, it intends something more than the setting up of four stakes at the four corners of a 160 acre tract.

As to the acts which constitute that character of possession, which would sustain ejectment at common law, the Supreme Court, in Murphy vs. Wallingford, October term, 1856, have definitely settled that acts much stronger than any performed by the plaintiff, in this case, are not sufficient for that purpose.

Upon the whole, I can perceive no right of possession in the plaintiff to the premises in controversy.

Let judgment be entered for the defendant.